UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SHAY RODGERS, | No. 2:14-cv-1913 KJN P |
| Plaintiff, | |
| v. | ORDER |
| GRAETT MAXWELL, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee, presently held in the Shasta County Jail, and is proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's 97 page amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Here, plaintiff again alleges that defendant Maxwell used excessive force on May 12, 2014, by placing handcuffs on plaintiff that were too tight, resulting in plaintiff sustaining permanent injuries. (ECF No. 10 at 4.) Plaintiff complained to defendant Maxwell that the cuffs were too tight, but plaintiff claims he was ignored.

Plaintiff now alleges that when defendant Labbe arrived on the scene, plaintiff constantly told defendant Labbe that the handcuffs "were causing physical damage," but that defendant Labbe failed to stop defendant Maxwell or loosen the cuffs himself. (Id.) It appears that plaintiff

1 also claims that he should not have been cuffed at all because he was only facing a misdemeanor
2 charge, and at the time the cuffs were applied, plaintiff was in a prone position and assured
3 defendant Maxwell that plaintiff was not going to move, and therefore plaintiff was compliant
4 and not resisting. (ECF No. 10 at 5.) Plaintiff also alleges that defendant Labbe should have
5 stopped defendant Maxwell.

6 Discussion

7 The court has reviewed plaintiff's amended complaint and, for the limited purposes of
8 § 1915A screening, finds that it states a potentially cognizable Fourth Amendment claim against
9 defendant Maxwell. See 28 U.S.C. § 1915A. However, plaintiff's allegations as to defendant
10 Labbe remain unclear.

11 "Pursuant to a long line of civil cases, police officers have a duty to intercede when their
12 fellow officers violate the constitutional rights of a suspect or other citizen." United States v.
13 Koon, 34 F.3d 1416, 1447 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996);
14 Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). Parole officers have the same duty to
15 intercede in such situations. See, e.g., Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004)
16 (parole officer was not entitled to qualified immunity in connection with parole search because he
17 either participated in harassing and intimidating plaintiff during the search or failed to intercede
18 to stop the harassment and intimidation of the plaintiff by other officers).

19 In such cases, "the constitutional right violated by the passive defendant is analytically the
20 same as the right violated by the person who strikes the blows." Koon, 34 F.3d at 1447. In this
21 regard, a law enforcement officer who fails to intercede when his fellow officers deprive a victim
22 of his Fourth Amendment right to be free from an excessive use of force would, like his fellow
23 officers, be liable for depriving the victim of his Fourth Amendment rights. Id.

24 However, a law enforcement officer may only be held liable for failing to intercede if he
25 had a "realistic opportunity" to do so. See Cunningham, 229 F.3d at 1289-90. For example, if
26 officers are not present at the time of a constitutional violation, they have no realistic opportunity
27 to intercede. Id. at 1290. In addition, if a constitutional violation occurs too quickly, there may
28 ////

1  be no realistic opportunity to intercede to prevent the violation.  See, e.g., Knapps v. City of
2  Oakland, 647 F.Supp.2d 1129, 1159-60 (N.D. Cal. 2009).

3  Here, plaintiff claims that defendant Labbe failed to stop defendant Maxwell, but also
4  appears to allege that when defendant Labbe arrived, plaintiff was already handcuffed.  It appears
5  that plaintiff states a cognizable failure to intercede claim as to his allegation that defendant
6  Labbe failed to loosen or remove the cuffs upon plaintiff's constant complaints after Labbe's
7  arrival on the scene.  But plaintiff fails to allege sufficient facts to support his claim that
8  defendant Labbe failed to stop defendant Maxwell from handcuffing plaintiff.  Thus, plaintiff is
9  granted leave to amend should he be able to allege facts demonstrating that defendant Labbe
10 failed to stop defendant Maxwell from handcuffing plaintiff.  Plaintiff should renew his Fourth
11 Amendment and failure to intercede claims as to defendants Maxwell and Labbe, respectively.

12 Finally, in his 97 page filing, defendants Maxwell and Labbe are the only two individuals
13 clearly identified as defendants.  (ECF No. 10 at 1, 2.)  However, included within plaintiff's
14 amended complaint are vague and conclusory allegations concerning plaintiff's medical
15 treatment, including alleged medical malpractice.  (ECF No. 10 at 5, 9-10.)  In addition, plaintiff
16 included unrelated allegations concerning an Officer Pender, plaintiff's mail, as well as his
17 alleged inability to obtain a grievance form.

18 Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of
defendants not permitted unless both commonality and same transaction requirements are
satisfied).

4

Plaintiff's claims at issue in the instant action pertain to his claim that defendant Maxwell violated plaintiff's Fourth Amendment rights during plaintiff's arrest, and plaintiff's allegations that defendant Labbe failed to intercede to assist plaintiff during the arrest. Any allegations concerning subsequent medical care and other incidents unrelated to the circumstances of his arrest are not related to plaintiff's claims against defendants Maxwell and Labbe, and are not brought against the named defendants. Accordingly, it is inappropriate for plaintiff to include such allegations or claims in any second amended complaint.

For the reasons stated above, plaintiff's amended complaint is dismissed with leave to amend. In his second amended complaint, plaintiff shall name no defendant other than defendants Maxwell and Labbe, and shall include no allegations concerning medical care or incidents that took place after plaintiff was housed in the Shasta County Jail. Any such claims must be filed in a different civil rights action. Plaintiff must clearly identify Officers Maxwell and Labbe as defendants and set forth the actions that each took that violated his constitutional rights.

Plaintiff's second amended complaint shall not exceed ten pages and shall be filed on the form provided by the Clerk of Court. No citation to legal authority is required, only factual allegations that pertain to his alleged constitutional violations by defendants Maxwell and Labbe. No exhibits shall be filed. The exhibits plaintiff provided on September 18, 2014, remain a part of the court record and may be referred to by any party.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the instant order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and one copy of the second amended complaint; plaintiff's second amended complaint must not exceed ten pages and must not contain any

////

exhibits; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: October 14, 2014

/rodg1913.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE