UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SHAY RODGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRAETT MAXWELL, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-1913 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　By order filed August 13, 2015, plaintiff was ordered to show cause, within fourteen days, why defendants' motion to compel should not be granted, and why this action should not be dismissed based on plaintiff's failure to prosecute this action.  The fourteen day period has now expired, and plaintiff has not shown cause or otherwise responded to the court's order.

　　　　"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

////

1

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for over a year and has reached the stage, set by the court's March 12, 2015 scheduling order, for resolution of discovery disputes and preparation of dispositive motions. (See Scheduling Order, ECF No. 30.) Plaintiff's failure to comply with the Local Rules and the court's August 13, 2015 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 31) is granted; and

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rodg1913.fsc

3